FUENTES, Circuit Judge,
dissenting.
In my view, plaintiffs’ failure to brief and argue the choice of law issue before the District Court and in their opening brief on appeal constitutes waiver of that issue. Although the majority itself notes that “[plaintiffs did not object to the District Court’s choice of law ruling either at trial or in their original appellate briefs,” part II.A, supra at 74, it concludes that the choice of law issue was not waived. I believe the majority’s conclusion is contrary to our existing precedent, and I therefore respectfully dissent.
In their opening brief on appeal, plaintiffs summarized their points as follows:
I. There is no genuine issue of material fact that defendants committed serious and substantial breaches of their fiduciary duties.
II. The District Court abused its discretion in refusing to certify the class.
Plaintiffs’ brief makes no mention of a choice of law issue, nor was the issue raised in the opposition or reply briefs. Prior to argument, at the Court’s direction, counsel were requested to submit letter memoranda addressing the following issues:
I. If [defendants] owe [plaintiffs] fiduciary duties, under what jurisdiction’s law were these duties created?
II. Is actual harm a required element of a breach of fiduciary duty claim in that jurisdiction?
In response to these questions, for the first time, plaintiffs argued that under Pennsylvania’s choice of law rules, Texas substantive law should apply. Predictably, defendants argued in favor of the District Court’s conclusion that the law of Pennsylvania, Ohio, and Indiana should apply. As the majority points out, Texas law is more favorable to the plaintiffs than the law of the other relevant states because it explicitly provides for disgorgement in a breach of fiduciary duty action without a showing of actual harm. See Part II.A.2.a, supra at 77.
We have stated on numerous occasions that “an appellant’s failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.” United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005). See also United States v. Vazquez, 271 F.3d 93, 107 (3d Cir.2001) (en banc) (finding issue waived where appellant failed to raise it either in the District Court or initially on appeal). And, although our jurisprudence has not always been consistent on this point, our full court stated in Neely v. Club Med Management Services, Inc., that “choice of law issues may be waived.” 63 F.3d 166, 180 & n. 10 (3d Cir.1995) (en banc).
In the majority’s view, choice of law was “inherent in the parties’ positions throughout this case” because plaintiffs cited repeatedly to Texas law in arguing that they satisfied the requirements for a breach of fiduciary duty claim. Although plaintiffs did cite Texas law to this Court and to the District Court, they also cited cases and *84 rules from many other states in support of their position.[20] The District Court could not reasonably have been expected to interpret this endless stream of citation as an indication that plaintiffs were raising a choice of law argument, or as an assertion that Texas law applied. See Brennan v. Norton, 350 F.3d 399, 418 (3d Cir.2003) (“ ‘[T]he crucial question regarding waiver is whether [plaintiff] presented the argument with sufficient specificity to alert the district court.’ ”) (quoting Keenan v. City of Philadelphia, 983 F.2d 459, 471 (3d Cir.1993)).
In my view, plaintiffs’ references to Texas law did not satisfy our usual requirement that all issues be clearly articulated in a party’s briefs to avoid waiver. See, e.g., Pa. Dep’t of Pub. Welfare v. U.S. Dep’t of Health and Human Servs., 101 F.3d 939, 945 (3d Cir.1996) (holding an issue waived despite a “conclusory assertion” regarding the issue in a brief); Laborers’ Int’l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994) (“An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court.”) (internal quotation marks omitted). See also Fed. R.App. P. 28 (requiring briefs on appeal to contain “a statement of the issues presented for review” and “appellant’s contentions and the reasons for them”).
While we have discretion to consider issues that have been waived, we should do so only in “exceptional circumstances,” such as where “‘the public interest requires that the issues be heard or manifest injustice would result from the failure to consider such issues.’ ” In re Gen. Data-Comm Indus., Inc., 407 F.3d 616, 624 n. 13 (3d Cir.2005) (quoting Brown v. Philip Morris Inc., 250 F.3d 789, 799 (3d Cir.2001)). Here, no urgent public interest calls for special treatment, nor did anything in the District Court’s handling of the case below constitute such grievous error that a “manifest injustice” may result.[21] Cf. Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir.2005) (finding exceptional circumstances to overcome waiver where the Court’s failure to consider an argument “would result in the substantial injustice of deporting an American citizen”).
Accordingly, I would decline to review the District Court’s conclusion that the laws of Indiana, Ohio, and Pennsylvania are applicable in this case. Thus, I would affirm the judgment of the District Court. As the majority demonstrates, the courts of Pennsylvania, Ohio, and Indiana appear to require a showing of actual harm for a breach of fiduciary duty claim, and for the related claims of civil conspiracy to breach fiduciary duty and aiding and abetting breach of fiduciary duty. See Part II.A.2, supra p. 76. Although those courts have not specifically addressed whether the actual harm requirement applies in a dis *85 gorgement action, there are no grounds for presuming a disgorgement exception in those jurisdictions.
As the majority itself concedes, if plaintiffs are required to show actual injury to succeed on their claims, they lose as to both elements of their appeal. See Part II.A, supra p. 73. Plaintiffs cannot demonstrate that, absent defendants’ alleged conduct, they would have achieved a better outcome. For this reason, I would affirm the District Court’s grant of summary judgment and, consequently, would not reach the class certification issue.

. In their brief to this Court, plaintiffs cited cases from Texas, Pennsylvania, California, Georgia, New York, Delaware, and Minnesota, among other jurisdictions, regarding breach of fiduciary duty doctrine.

. In fact, even if the choice of law issue had not been waived, a close question would be presented as to which state’s law applies under Pennsylvania's choice of law analysis. That analysis turns on "which state has the greater interest in the application of its law,” and requires a consideration of the "weight of a particular state’s contacts ... on a qualitative rather than quantitative scale.” Troxel v. A.I. duPont Inst., 431 Pa.Super. 464, 636 A.2d 1179, 1181 (1994). The District Court reasonably could have concluded that Pennsylvania, Ohio, and Indiana have a greater interest in application of their laws than Texas, on the ground that plaintiffs are from those three states and that the alleged breach of the duty to disclose occurred in those states.